### AKERS, receiver, *vs.* VEAL *et al.*

A receiver, when called upon by the court to account for funds in his hands, cannot command a jury to pass upon such accounts; but, if, objection being filed by creditors, the court refers the account to an auditor, and the receiver files exceptions of fact to the auditor's report, he may demand a jury to pass upon such exceptions.

Receivers. Practice in the Superior Court. Before Judge HILLYER. DeKalb county. At Chambers. July 26th, 1880.

Reported in the decision.

H. C. PEEPLES, for plaintiff in error.

L. J. WINN; F. A. ARNOLD; J. B. STEWARD, for defendants.

CRAWFORD, Justice.

A nursery of J. W. Akers, containing several thousand fruit trees, as well as vines and plants, was levied upon by attachment, and litigation over the same being made to appear, a receiver was appointed to take charge of the stock and sell the same, by himself or agents, at public or private sale, as should be for the best interest of the creditors. He was to keep an account of the stock received from the sheriff; his disposition of the same; if by agents, the commissions allowed; an itemized statement of all expenses of sale and delivery, and make report of the same to the court,

Under his appointment he proceeded to discharge its duties; and having disposed of the stock, he filed his report accounting to the court for all receipts and disbursements in the course of his receivership, asking that the same be examined and allowed, with proper compensation, and that he be discharged.

To this report the creditors filed objections, which, by consent of counsel and the order of the court, were, with the consent of the receiver, referred to Wm. S. Thompson as auditor, who was empowered to determine the same, and make his report to the court as is usual in such cases. It was further ordered and agreed that either party have leave to file exceptions thereto within thirty days from the making of said report,

The auditor, after hearing testimony upon the objections of the creditors, made his report, and to this the receiver filed exceptions of fact, and asked that the final decision thereon be tried by a jury, which the court refused, and he excepted.

The question here made is whether, under the foregoing statement of facts, the receiver was entitled to have a jury, or did the judge have the power to dispose of the exceptions to the auditor's report.

Receivers are but the officers of the court appointing them, and they are required to account to the court for all receipts and disbursements of the fund received by them. They are not governed by the same rules that regulate the proceedings between parties litigant. Ordinarily they will not be allowed to make expenditures which will *materially reduce* the fund in their hands without the sanction of the court; and they should get permission as to such expenditures before they are made, as they are always to be held to a strict accountability therefor. A court, in passing upon the accounts of its receiver, should never ratify any expenditure which has not been necessarily incurred for the benefit of the estate entrusted to his care. High on Receivers §§798, 799.

The fund confided to a receiver is considered as being *iu custodia legis* for the true owner, the court itself having the care of it by its own creature or officer, and who is often spoken of as the "hand of the court." High on Receivers, §2.

Hence, when this "hand of the court" is called upon

to deliver and account for the fund, it shall not be permitted to reply, that " I demand a jury to pass upon my stewardship before I surrender it."

In this case, however, after the receiver had accounted, but before the court had approved and allowed the same, the creditors filed objections thereto, and the court under the authority granted by law, ordered the issues raised by the objections to be referred to an auditor. That he had this right under *the general powers* vested in him in such cases seems to be clear, but whether he did or not, by §3139 of the Code it is put beyond all doubt. Having thus exercised this right, and given this direction to the issues presented, which, in our judgment, in the case of a receiver he was not bound to do, yet having done so, the law gave the parties to that auditor's report the right to have a final decision upon the facts by a special jury. §§3940, 3097.

The other ground of error assigned becomes unimportant under the ruling upon this.

Judgment reversed.